IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00095-CV

 

Texas Department of Criminal Justice,

                                                                      Appellant

 v.

 

Jerry Ray Edgin,

                                                                      Appellee

 

 



From the 12th District Court

Madison County, Texas

Trial Court No. 04-10356-012-10

 



DISSENTING Opinion










 

          The majority has ignored the substance
of the issues presented.  The fundamental issue presented is that if we take as
true all of the factual allegations of the non-movant and evidence, if any, in
the record, the non-movant cannot allege a cause of action for which sovereign
immunity has been waived by the State of Texas.  After all, one of the
essential questions in deciding whether the plaintiff has pled a claim against
the State of Texas for which sovereign immunity has been waived is whether the
plaintiff has pled a claim at all.

          The majority implies that the
conclusory allegations of the non-movant, that he thought he was retaliated
against for opposing a discriminatory practice, is all that is necessary to assert
a Chapter 21 claim.  If I understand the State’s plea to the jurisdiction, the
State is arguing that as a matter of law the factual allegations do not allege
a claim within the waiver of sovereign immunity under Chapter 21.  Therefore,
as I understand the State’s argument to proceed, because the allegations do not
assert a Chapter 21 claim, and because the allegations and discovery
affirmatively show that the non-movant cannot allege a claim under Chapter 21,
the State’s plea to the jurisdiction should therefore be granted because no set
of facts has been or can be alleged that will give the trial court
jurisdiction.  I agree with the State’s analysis of the relevant law.  

          The majority limits its Chapter 21
claim analysis for sovereign immunity to (1) whether a claimant exhausted
administrative remedies; and (2) whether the State qualifies as an employer. 
Thus, the majority has wholly failed to address the dispositive issue presented
by the State.

          I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed April 18, 2007